Curia, per

O’Neall, J.
In this case I think if the objections made be regarded, as they should be, as arising out of the pleading alone, that there can be nothing plainer than that they cannot be sustained. All the causes of demurrer are set down as objections to the Ordinary’s decree. These, according to my *275 notions of pleading and evidence, are objections to the evidence, and not to the pleading. For although in the replication a copy of the decree is referred to, as herewith filed, yet that made it no part of the pleading. For until a paper is incorporated into a plea, or replication, and set out as on oyer, it is no part of the record. It cannot be that a paper referred to, like an exhibit in a bill in equity, can be considered as part of the record, and be the subject of demurrer. When the case comes to trial, and the decree is offered in evidence, then its sufficiency to charge the defendant will be in issue, but not before. Waiving this very conclusive objection to the demurrer, and taking up the case on the defendant’s objections, as if made to the replication, I think still they cannot be sustained.
The administration bond on which this action is brought, is conditioned, 1st. That the administrator will, when required by the Ordinary, file an inventory; 2d, That he shall administer according to law; 3d, That he shall make a just and true account of his actings and doings, when required by the Ordinary; and 4th, “ All the rest and residue of such goods, chattels and credits, which shall be found remaining upon the account of the said administration, the same being first allowed by the said Court, shall deliver and pay unto such persons, respectively, as are entitled to the same by law.”
To the declaration on the penalty of the bond, the defendant, after oyer of the bond and the condition, pleaded performance ; the plaintiff replied traversing the performance, and assigned for breach, that Melzar Collins and wife, she being one of the dis-tributees of the intestate, filed a petition, praying that the admin-istrátor might account, touching his administration, before the Ordinary; that thereupon, he (the Ordinary) issued his citation to account; that the administrator failed to account, and thereupon the Ordinary charged him with the whole estate according to the inventory, amounting to $1650, and decreed that he should pay the same to the parties who may be legally entitled to the same, which he has failed to do.
Let it be asked, does this not shew a breach of the condition *276 of the bond 1 Clearly it does, in two respects : 1st, The administrator did not acconnt when the Ordinary required him to do so : 2d, He has not paid to the parties entitled, the sum which was found remaining after his administration. This is a breach within the very words of the condition, and how can the Court say that such a replication is bad ?
But let us examine a little more directly the defendant’s causes of demurrer. The 1st, 2d, and 3d, (and they are all which were argued) in substance are the same; they make the question, whether, before a suit on the administration bond can be sustained, it is necessary for the Ordinary to ascertain and decree a specific sum to each of the distributees of an intestate’s estate. That the affirmative of this question presents a very convenient and advisable course of practice to be pursued by the Ordinary, is true. And it may even be prudent for this plaintiff to have the Ordinary’s decree amended in this particular, and when so done, by leave of the Court, to amend his replication accordingly. Yet there is nothing to prevent the action from being sustained as it now stands. The demurrer admits that the wife of Melzar Collins is a distributee of the intestate; that they demanded an account from the administrator before the Ordinary, which he required, but the administrator failed to make it, and thereupon he was charged with the inventory, and ordered to pay its amount, $1650, to the parties entitled, and that he has failed to do it. This admits his default and liability. Still the defendant says, first, it does not appear that Melzar Collins and wife are entitled to a distributive share of the estate. It is true, it is not' in words said so; but still that is the fair intendment from the words used; for the replication alleges that the wife of Collins is a dis-tributee ; that they demanded the account, and thereupon the decree was rendered. It would be a strange notion about the effect of a decree, if the party, who obtained it on the allegation that he was entitled as a distributee, should not be considered as thereby having his right established. , I therefore take it as indisputable, that their right to claim one share of the estate, whatever that may be, is conclusively settled. But it is said, secondly, *277 that it does not appear how much is to be paid to them by the administrator. Is there any thing in that objection? Surely not. The administrator’s liability is fixed at $1650, which is the whole estate. The plaintiffs are entitled to one share of it, and have got this decree. Looked on as a matter of pleading, and on demurrer, they have thereby shewn a' breach of the condition, and are entitled to judgment for the penalty. It is when the condition conies to be submitted, that the objection to the decree arises as matter of evidence. It is then alleged by. the defendant, your decree is uncertain ; the plaintiffs reply, id cerium est, quod cerium reddi potest, and give evidence that there are a widow and two children, distributees ; and that Mrs. Collins is one of the said children ; it is thus made a very small sum in arithmetic, which can be solved by one of its simplest rules, division; and by it let us divide the estate, $1650, into three parts : — $550 is the result to which the plaintiffs are entitled. Cannot a Court and jury thus solve the problem, and do right? But it is said the-Court has declared itself incompetent to ascertain the share of a distributee. I deny that it ever has laid down any such absurd proposition. It has again and again declared, that the administrator’s.accounts must be settled in the Court of Ordinary, or Court of Equity, before a suit on the administration bond will be allowed. For this rule one good reason, because the Court of law could not, from its organization, satisfactorily adjust them, has been assigned. This, however, arose ex necessitate, or from convenience ; but the best of all reasons is, that until the account is settled, and a sum ascertained for distribution, either upon an account had, or upon the administrator’s failure to account, and non-payment of the same, there is no breach of the bond, authorizing it to be put in suit.
By the 31st section of the Act of 1789, (5 ¡Stat. 110,) construed ;in connection with the 30th section, it is provided that the bond of an administrator “may be sued from time to time by any person injured by the breach thereof, until the whole penalty be recovered ; and the damages sustained being assessed, on such suit, by the verdict of a jury, may be levied by execution, and paid to *278 the party for whom they were assessed.” Every one, according to this provision, shewing a breach of the bond, is entitled to have his damages assessed by a jury. The plaintiffs here have shewn the breach, and are entitled to have their damages assessed — unless our Courts, contrary to the Act, have excluded them. This, it is plain, they neither could nor would do. In the Ordinary vs. Williams & Parkman, (1 N. & McC. 587,) it was very properly held that, until the administrator was cited to account, (speaking of a case where no account had been had,) there could be no suit on the bond. This was because, until the condition was shown to be broken, the plaintiff had sustained no legal injury. In the case before us there has been a citation, and the administrator has failed to account. This shews a legal injury, and the Court cannot say we will refuse to you the right to have your damages assessed on the condition. In Simkins vs. Powers, (2 N. & McC. 213,) the same ruling is repeated. The case does not go beyond' it;. for the estate had not been settled in the Court of Ordinary, nor had any citation been issued. In Cureton vs. Shelton, (3 McC. 412,) the case now before us is found. There the decree of the Court of Equity, as set out in the replication, found a gross sum for distribution, and three of the distributees averred in the replication that they were entitled to a sum in gross among them, part of that decree, as their distributive shares. It was held that they were entitled to recover. Such an objection as that under consideration was not thought of on that occasion. The very difficulty here had to be met there; How many distributees were they? — .how much was each entitled to ? The Court met and overcame the difficulty there, as it will here.
The case from 15 Eng. C. L. R. 174, Archbishop of Canterbury vs. Tappen, is in exact conformity to our cases, and is just such an authority as I would hold up and rely upon here. It ruled that an administrator was not bound, by the condition of his bond, to distribute the surplus of the intestate’s estate, after payment of debts, &c., until a decree, directing him to do so, has; been made by the Court into which his inventory and account *279 have been exhibited. What that case required, has been done here.
The motion is dismissed.
Evans, Withers and Whitner, JJ., concurred.